UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A&A Safety, Inc.,

    Plaintiff,

    v.       Case No. 1:06cv311

Laborers' International Union     Judge Michael R. Barrett
of North America, *et al.*,

    Defendants.

## ORDER

This matter is before the Court upon Plaintiff A&A Safety, Inc.'s Motion to Remand (Doc. 9). Defendants filed a Memorandum in Opposition (Doc. 11) and Plaintiff filed a Reply (Doc. 12).

This action was initially filed in the Clermont County Court of Common Pleas. In its Amended Complaint, Plaintiff states that it is a "disadvantaged business enterprise" ("DBE") as defined by Title 49 of the U.S. Code of Federal Regulations, Part 26. (Doc. 3, ¶ 1) Plaintiff states that it primarily operates crews of employees engaged in traffic control at construction sites on private and public roadways. (Id. ¶ 3) Plaintiff explains that it acts as a subcontractor for prime contractors who have received publicly bid contracts from various state and local governmental entities. (Id. ¶ 4) Plaintiff explains further that these governmental entities are obligated under Title 49 to ensure that certain goal percentages of the bid work is a assigned to DBEs. (Id. ¶ 5) Plaintiff states that the prime contractors are required to fulfill the DBE goal obligations regardless of whether the subcontractor is union or non-union. (Id.) Plaintiff identifies several subcontract agreements that Plaintiff

has entered into with prime contractors. (Id. ¶¶ 9-14) Plaintiff alleges that Defendants knew about these contracts. (Id. ¶ 15)

Plaintiff alleges that in 2004, Defendant Laborers' District Council of Ohio negotiated a Heavy-Highway Agreement ("Agreement") with the Ohio Contractors Association. (Id. ¶ 16) Plaintiff states that the Agreement was a collective bargaining agreement, and the prime contractors with which it had signed subcontracts were all signatories to the Agreement. (Id. ¶ 16) Plaintiff alleges that Defendants approached one of the prime contractors and demanded that only union contractors be awarded subcontracts on highway work. (Id. ¶ 17) Plaintiff also alleges that Defendants conspired together to embark on a scheme of filing grievances, and taking these grievances to arbitration whenever Plaintiff did work on a highway project for large prime contractors which were signatories to the Agreement. (Id. ¶ 19) Plaintiff explains that this scheme was intended to force the prime contractors to breach their subcontracting agreements with Plaintiff and prohibit the prime contractors from awarding contracts to Plaintiff in the future. (Id.) Plaintiff explains further that Defendants argue that the Agreement includes a subcontracting clause which prohibits signatories from doing any subcontracting work with Plaintiff because Plaintiff is a non-union contractor. (Id. ¶ 22)

Plaintiff brings several claims under Ohio law: tortious interference with contract; tortious interference with business relations; tortious interference with prospective business expectancy; and violation of public policy.

Defendants removed this action based on preemption under Section 301 of the Labor Management Relations Act, 29 U.S. C. § 185. (Doc. 1) Plaintiff argues that its claims are not preempted because they are not claims for a violation of a contract between

an employer and a labor organization; and the claims do not require the interpretation of collective bargaining terms.  Plaintiff also argues that Defendants cannot make this case removable by asserting a federal defense.  Finally, Plaintiff argues that it entitled to recover the costs associated with the filing of this motion because the non-removability of the action is obvious.

The Labor Management Relations Act ("LMRA") gives federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations." 29 U.S.C. § 185(a).  State law claims arising from a breach of a collective bargaining agreement ("CBA") are preempted by the LMRA and may be removable to federal court regardless of whether the plaintiff actually alleges federal claims on the face of his or her complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), *citing Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936).  However, the Supreme Court has recognized that not every dispute relating to employment, or tangentially involving a provision of a collective bargaining agreement, is preempted by Section 301.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  In addition, a federal defense may not be the basis of removal.  *Caterpillar*, 482 U.S. at 392.

To determine whether a plaintiff's claim is preempted by the LMRA, the Sixth Circuit has developed a two-part test:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. . . . If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir.2004), *citing DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-17 (6th Cir.1994).

Here, Plaintiff has brought various tortious interference claims and a claim for violation of Ohio public policy. Ohio law recognizes causes of action for both tortious interference with a business relationship and tortious interference with contract rights. *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999), *citing A & B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Bldg. & Constr. Trades Council*, 651 N.E.2d 1283, 1294 (1995). The two actions differ only in that the former tort does not require proof of a contractual relationship. *Id.* "The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *Id.*, *quoting A&B-Abell Elevator*, 6510 N.E.2d at 1294.

The parties ignore Plaintiff's public policy claim, and instead focus on Plaintiff's tortious interference claims. It is clear that on their face, none of these claims require the interpretation of a CBA. Plaintiff alleges that Defendants have violated the business relationships and contracts Plaintiff has with its prime contractors. Nor do these claims involve rights created by a CBA. Plaintiff has not entered into a CBA with any of these

prime contractors. However, Defendants claim that resolving the claims against them will require this Court to determine whether the prime contractors had in fact breached the CBA with the Defendants to confirm that Defendants' intentions were to rectify that breach, as opposed to procuring a breach of Plaintiff's contracts. The Court finds that this is not a sufficient basis for preemption. The Sixth Circuit has held that a defendant's reliance on a CBA term purely as a defense to a state law claim does not result in section 301 preemption. *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 800 (6th Cir. 1990). Therefore, this Court does not have jurisdiction over Plaintiff's claims. Accordingly, Plaintiff A&A Safety, Inc.'s Motion to Remand (Doc. 9) is hereby **GRANTED**. This action shall be remanded to the Court of Common Pleas for Clermont County.

Plaintiff argues that this Court should assess costs against Defendants for improperly removing this action. Under 28 U.S.C. § 1447(c), it is within this Court's discretion to award "just costs" when a case has been removed "improvidently and without jurisdiction." *Bucary v. Rothrock*, 883 F.2d 447, 449 (6th Cir. 1989). The Sixth Circuit has noted that an award of costs, including attorney fees, "is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew v. Town of Collierville, Tenn.*, 409 F.3d 684, 687 (6th Cir. 2005), *quoting Ahearn v. Charter Township of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998) (citations omitted) (emphasis in original). The Sixth Circuit has also instructed that when a district court denies attorney fees, it "abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." *Id.* The Court finds that Defendants' argument for removal was not devoid of fair support.

Defendants cited caselaw, albeit caselaw from outside this Circuit, to support their position. Therefore, Plaintiff's request for costs against Defendants for improperly removing this action is hereby **DENIED**.

    **IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court